IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Dan Lee Simms Sr.,** <br> c/o L. Scott Petroff, <br> Attorney at Law LLC <br> 8 North Court Street, Suite 307 <br> Athens, Ohio 45701 | Case No. 2:22-cv-2701 |
| Plaintiff, | Plaintiff's Complaint and Demand for Jury Trial |
| | **Judge** _____ |
| vs. | **Magistrate Judge** _____ |
| **City of Nelsonville,** <br> c/o Legal Department <br> 211 Lake Hope Dr., <br> Nelsonville, Ohio 45764 | |
| and | |
| **Becky Barber,** <br> **Individually and in her official capacity as an employee of the municipality of Nelsonville, Ohio,** <br> c/o Legal Department <br> 211 Lake Hope Dr., <br> Nelsonville, Ohio 45764 | |
| and | |
| **Harry Barber,** <br> **Individually and in his official capacity as an employee of the municipality of Nelsonville, Ohio,** <br> c/o Legal Department <br> 211 Lake Hope Dr., <br> Nelsonville, Ohio 45764 | |
| and | |
| **Drake Chilcote,** | |

**Individually and in his official capacity as an employee of the municipality of Nelsonville, Ohio,**
c/o Legal Department
211 Lake Hope Dr.,
Nelsonville, Ohio 45764

  **and**

**Scott Fitch,**
**Individually and in his official capacity as an employee of the municipality of Nelsonville, Ohio,**
c/o Legal Department
211 Lake Hope Dr.,
Nelsonville, Ohio 45764

  **and**

**Dan Sherman,**
**Individually and in his official capacity as an employee of the municipality of Nelsonville, Ohio,**
c/o Legal Department
211 Lake Hope Dr.,
Nelsonville, Ohio 45764

  **and**

**John Doe,**
**Individually and in his official capacity as an employee of the municipality of Nelsonville, Ohio,**
c/o Legal Department
211 Lake Hope Dr.,
Nelsonville, Ohio 45764

      **Defendants.**

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## I. Introduction

Plaintiff Danny Simms ("Simms"), and his family have been harassed, stalked, and forced to live in fear of Defendant City of Nelsonville and its agents. Plaintiff Simms has been retaliated against for protected expressive conduct, falsely accused of crimes, and unlawfully prosecuted. Defendants have conspired to harass Plaintiff in an attempt to unlawfully prosecute and silence him.

## II. Nature of this Action

1. This is an action arising under the United States Constitution and 42 U.S.C. § 1983 (1983), the Ohio Constitution, Ohio state laws (O.R.C.), and Ohio common law.

2. Plaintiff Simms seeks equitable relief, money damages, and attorney's fees and costs from Defendants for violating his constitutional rights. Plaintiff also brings Ohio state law claims.

## III. Parties

### B. Plaintiff

3. Plaintiff Danny Simms is a male resident of Nelsonville, Ohio.

### B. Defendants

4. Defendant Becky Barber is currently and at all relevant times a code enforcement officer for the Defendant City of Nelsonville, and this action is brought against her individually and in her official capacity.

5. Defendant Harry Barber is currently and at all relevant times the chief of fire for the Defendant City of Nelsonville, and this action is brought against him individually and in her official capacity.

6. Defendant Drake Chilcote is currently and at all relevant times a firefighter for the Defendant City of Nelsonville, and this action is brought against him individually and in her official capacity.

7. Defendant Scott Finch is currently and at all relevant times the chief of police for the Defendant City of Nelsonville, and this action is brought against him individually and in her official capacity.

8. Defendant Dan Sherman is currently and at all relevant times a member of the city council for the City of Nelsonville and sat as the magistrate for the Nelsonville Mayors Court during all relevant times, and this action is brought against him individually and in her official capacity.

9. Defendant City of Nelsonville is a chartered municipal entity located in Athens, County, Ohio, and subject to the laws of the State of Ohio.

### IV. Jurisdiction and Venue

10. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. § 2201 (declaratory relief), and 42 U.S.C. §§ 1983, and 1988.

11. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over the claims in this Complaint because all Defendants are citizens of Ohio.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events that give ride to this action occurred in Nelsonville, Athens County, Ohio.

14. This action arises under the United States Constitution as applied to state and/or local authorities through 42 U.S.C. § 1983.

**V.     Facts**

15. Plaintiff is a long-time resident of Defendant City of Nelsonville Ohio, has previously sued Defendant City of Nelsonville over civil rights violations.

16. Plaintiff regularly appears on a local radio talk show known as ViewPoint where he expresses his displeasure for Defendant City of Nelsonville officials, including Defendants.

17. On or about July 22, 2020, Plaintiffs brother was in pain as a result of a medical condition.

18. Acting as an agent for his brother, Plaintiff Simms called 911 and spoke with dispatchers for the Defendant City of Nelsonville where he requested an ambulance to transport his brother to the hospital for medical treatment.

19. At the request of his brother, Plaintiff Simms limited the scope of care when he requested that only an ambulance respond so as to not worsen his brothers' condition.

20. Defendant Chilcote responded and parked a firetruck in front of Plaintiff's brothers' home—blocking the road; Because of the actions of Defendant Chilcote the responding ambulance was unable to park in front of Plaintiffs brother's house.

21. As Defendant Chilcote approached the residence, at the request of Plaintiffs brother, Plaintiff denied him entrance.

22. Defendant Chilcote threatened Plaintiff with arrest; As a result of these threats, Plaintiff allowed Defendant Chilcote into the residence.

23. Subsequent to the incident on July 22, 2020, (hereinafter "July incident") Plaintiff received a summons to the Nelsonville Mayors Court for criminal charges stemming from the July incident.

24. At the first court appearance of Plaintiff for the July incident, Defendant Chief Scott Finch was overheard saying something to the effect of "get him on anything you can."

25. Defendant Becky Barber is the wife of Nelsonville fire chief Defendant Harry Barber; Defendants Becky Barber and Harry Barber conspired with others in the Nelsonville City government to harass Plaintiff.

26. On or about August 2020, Defendant Becky Barber trespassed on Plaintiff property; Defendant Beck Barber wrongly cited Plaintiff for a violation of the Nelsonville City Code (hereinafter "August incident").

27. Based on the filing of criminal charges, Plaintiff retained Attorney Mathew Voltolini (Voltolini).

28. Voltolini pursued an investigation and secured the testimony of several witnesses who corroborated Plaintiffs claim that Plaintiffs brother did not consent to being treated by Defendant Chilcote during the July incident.

29. At some point, those witnesses changed their testimony despite their previous statements to Voltolini.

30. Because Voltolini was the one present for conversations with these witnesses he was the only person who could testify regarding this change in testimony, making Voltolini a potential witness in any criminal proceeding.

31. Upon information and belief, Defendants influenced this change in testimony.

32. Because of this Plaintiff was required to obtain new trial counsel to defend against these criminal charges.

33. Charges stemming from the July incident in Athens Municipal Court Case number 2021crb00186 were dismissed on June 4, 2021 when the Athens Municipal Court issued a ruling that Plaintiff Simms speedy trial rights had been violated prior to the November 12, 2020 arraignment.

34. In response to this dismissal Defendant City of Nelsonville failed to renew the contract for former Solicitor Rick Hedges.

35. At all times described herein Defendants were acting in their official capacity and under color of law.

VI. Legal Claims

**First Claim for Relief**
**Against All Defendants Becky Barber, Harry Barber, Drake Chilcote, Scott Finch, Dan Sherman, and John Doe in Violation of 42 U.S.C. § 1983 (Sixth Amendment, Fourteenth Amendment, and O.R.C. Speedy Trial)**

36. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

37. This claim is brought against Defendant Becky Barber, Defendant Harry Barber, Defendant Drake Chilcote, Defendant Chief Scott Finch, and Defendant Dan Sherman in both their individual and official capacity.

38. O.R.C. 2917.13 makes misconduct at an emergency a misdemeanor of the fourth degree.

39. Pursuant to O.R.C. 2945.71, a person charged with a misdemeanor of the fourth degree is to be brought to trial within forty-five days after arrest or service of summons. Once charges are brought and a defendant appears the clock for speedy trial begins to run and will continue to run despite the dismissal of charges.

40. In response to the issuance of a summons, Plaintiff first appeared in the Nelsonville Mayors Court on August 12, 2020, on charges of misconduct at an emergency stemming from the incident on July 22, 2020 ("July incident").

41. At this first hearing Plaintiff sought to transfer jurisdiction to the Athens Municipal Court.

42. Plaintiff did not waive his right to speedy trial at his August 12, 2020, appearance.

43. A judgment entry was not issued by the Nelsonville Mayors Court to transfer venue to Athens Municipal Court until October 6, 2020, 55 days after Plaintiffs initial appearance.

44. Plaintiff makes his first appearance in the Athens Municipal Court for charges of misconduct at an emergency on November 12, 2020, for conduct that occurred on July 20, 2020. That case is Athens Municipal Court Case number 2020crb01357.

45. On February 4, 2021, former Nelsonville City Solicitor, acting on behalf of Defendant City of Nelsonville, dismissed Athens Municipal Case 2020crb01357.

46. Based upon information and belief, Defendant Dan Sherman, acting in his official capacity, ordered former Nelsonville Solicitor Rick Hedges to continue to pursue a misconduct at an emergency charge stemming from the July 20, 2020, incident. Senior Officer Scott Dawley of the Nelsonville Police Department filed a new complaint for misconduct at an emergency on February 22, 2021, for the same conduct alleged in Athens Municipal Case 2020crb01357, despite the fact that time to bring Plaintiff to trial had passed. That case is Athens Municipal Court Case number 2021crb00186.

47. Plaintiff filed a motion to dismiss Athens Municipal Court Case number 2021crb00186 based on a violation of speedy trial rights.

48. Athens Municipal Court held a hearing on the matter on June 6, 2021, where the court determined that pursuant to O.R.C. 2945.71 Plaintiffs speedy trial rights had been violated.

49. As a result of that ruling Defendant City of Nelsonville dismissed the charges against Plaintiff.

50. Defendants lacked probable cause to pursue charges against Plaintiff for either the July incident or the August incident.

51. In response to the dismissal of charges Defendant City of Nelsonville failed to renew their Solicitor contract with Rick Hedges.

52. As a direct and proximate cause of the wrongful delay in transferring venue and/or the wrongful continued prosecution, including the re-filing of charges, Plaintiff suffered a deprivation of his rights.

**Second Claim for Relief**
**Against Defendant City of Nelsonville, Ohio**
**Violation of 42 U.S.C. § 1983**
**(Monell Liability)**

53. Plaintiff re-alleges all prior paragraphs as if set out here in full.

54. This claim is brought against Defendant City of Nelsonville for the policies, customs, procedures, and ratification of civil rights violations carried out by the Defendants.

55. Upon information or belief, Defendant City of Nelsonville had actual knowledge, and/or had constructive knowledge, that failing to transfer the case in a timely manner was a violation of Plaintiffs speedy trial rights.

56. Upon information or belief, Defendant City of Nelsonville had actual knowledge, and/or had constructive knowledge, that re-filing charges violated Plaintiffs speedy trial rights.

57. Upon information or belief, Defendant City of Nelsonville had actual knowledge, and/or had constructive knowledge, that there was no probable cause to pursue a charge of based upon the August incident.

58. Upon information or belief, Defendant City of Nelsonville had actual knowledge, and/or had constructive knowledge, that there was no probable cause to pursue a charge of misconduct at an emergency for the July incident.

59. On information and belief, Defendant City of Nelsonville maintains a "custom" of failing to transfer criminal cases in violation of Defendant's civil rights, making it a "person" pursuant to 42 U.S.C. 1983. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

60. The wrongful policies, practices, customs, and/or usages complained of herein, demonstrated a deliberate indifference on the part of Defendant City of Nelsonville to the constitutional rights of Plaintiff, and were a direct and proximate cause of Plaintiff's rights alleged herein.

**Third Claim for Relief**
**Against All Defendants Becky Barber, Harry Barber, Drake Chilcote, Scott Finch, Dan Sherman, and John Doe**
**Violation of 42 U.S.C. § 1983**
**(First Amendment Retaliation)**

61. Plaintiff re-alleges all prior paragraphs as if set out here in full.

62. This claim is brought against Defendant Becky Barber, Defendant Harry Barber, Defendant Drake Chilcote, Defendant Chief Scott Finch, and Defendant Dan Sherman in both their individual and official capacity.

63. Plaintiff is well-known within the City of Nelsonville and has repeatedly and openly criticized several of the Defendants as well as other local officials.

64. In November 2002, Plaintiff filed a lawsuit in this court against multiple law enforcement officials in Athens County for violating his civil rights. That case is case number C2-02-1096.

65. That action was based on an investigation and later prosecution of Plaintiff that was ultimately dismissed by a special prosecutor. That case is Athens County Common Pleas case number: 00cr0227.

66. Plaintiff regularly and recently appeared on ViewPoint, a local radio call in show broadcast on WSEO where Plaintiff openly criticized Defendants.

67. In response to Plaintiffs criticism, Defendants have engaged in a pattern of retaliatory conduct meant to stifle the criticism of Plaintiff.

68. First, Defendants have pursued charges of misconduct at an emergency against Plaintiff without probable cause and after the statutory time limits to bring Plaintiff to trial.

69. Second, Defendants have sought to bring about any charges possible against Plaintiff as evidenced by comments of Defendant Chief Scott Finch and the actions of Defendant Becky Barber.

70. Upon information or belief, the protected speech and activity engaged in by Plaintiff has caused Defendants to pursue adverse criminal action against Plaintiff.

71. As a result, Plaintiff has suffered and will continue to suffer the deprivation of his vested rights under the United States Constitution and the Ohio Constitution.

**Fourth Claim for Relief**
**Against All Defendants Becky Barber, Harry Barber, Drake Chilcote, Scott Finch, Dan Sherman, and John Doe**
**Violation of 42 U.S.C. § 1983 (Unlawful Prosecution)**

72. Plaintiff re-alleges all prior paragraphs as if set out here in full.

73. This claim is brought against Defendant Becky Barber, Defendant Harry Barber, Defendant Drake Chilcote, Defendant Chief Scott Finch, and Defendant Dan Sherman in both their individual and official capacity.

74. In an act of retaliation, Defendants sought to prosecute Plaintiff for misconduct at an emergency, and various code violations despite the absence of probable cause.

75. When Athens Municipal Case number 21crb00186 was filed speedy trial had already passed.

76. Upon information and belief, Defendants disregarded former Nelsonville City Solicitor Rick Hedges when he advised Defendants that there was a lack of probable cause to pursue these charges.

77. Each time misconduct at an emergency charge was filed the proceeding ended in the favor of Plaintiff when, first, the charges were dismissed, then second, when the Athens Municipal Court ruled that Plaintiffs speedy trial rights had been violated and in turn former Nelsonville City Solicitor Rick Hedges dismissed the charges.

78. As a direct and proximate cause of the wrongful acts of Defendants, Plaintiff has suffered damages, including the deprivation of his rights, and the financial costs associated with defending against the underlying criminal action that was wrongly brought because of the combined actions of Defendants.

**Fifth Claim for Relief**
**Against All Defendants Becky Barber, Harry Barber, Drake Chilcote, Scott Finch, Dan Sherman, and John Doe**
**Violation of 42 U.S.C. § 1983 (Conspiracy to violate rights)**

79. Plaintiff re-alleges all prior paragraphs as if set out here in full.

80. This claim is brought against Defendant Becky Barber, Defendant Harry Barber, Defendant Drake Chilcote, Defendant Chief Scott Finch, and Defendant Dan Sherman in both their individual and official capacity.

81. Upon information and belief, Defendant Becky Barber acted in response to her husband Defendant Harry Barbers complaints by wrongly pursuing violations of the city code against Plaintiff.

82. Defendant Chief Scott Finch instructed officers to join this pursuit of criminal charges by telling another person to get Plaintiff for anything they could.

83. Upon information and belief, Defendant Sherman instructed former Nelsonville Solicitor Rick Hedges to pursue charges despite the fact that probable cause was lacking and speedy trial time had passed.

84. Upon information and belief, Defendant Chilcote agreed to provide testimony against Plaintiff that would help secure a conviction.

85. Upon information and belief, Defendant Chilcote sought the filing of criminal charges against Plaintiff.

86. Upon information and belief, Defendants conspired to influence the testimony of witnesses regarding the July incident.

87. This combination of Defendants actions caused injury by depriving Plaintiff of right to due process, including speedy trial rights, and was part of an unlawful prosecution.

88. As a direct and proximate cause of the wrongful acts of Defendants, Plaintiff has suffered damages, including the deprivation of his rights, and the financial costs associated with defending against the underlying criminal action that was wrongly brought because of the combined actions of Defendants.

**Sixth Claim for Relief**
**Against All Defendants Becky Barber, Harry Barber, Drake Chilcote, Scott Finch, Dan Sherman, and John Doe**
**O.R.C. § 2307.60: Violation of Ohio Revised Code § 2921.45 et seq.**
**(Interfering with Civil Rights)**

89. Plaintiff re-alleges all prior paragraphs as if set out here in full.

90. This claim is brought against Defendant Becky Barber, Defendant Harry Barber, Defendant Drake Chilcote, Defendant Chief Scott Finch, and Defendant Dan Sherman in both their individual and official capacity, based upon a violation of O.R.C. § 2921.45 et seq, which prohibits public servants from depriving any person of a constitutional or statutory right.

91. At all times relevant each and every Defendant named in this claim was an employee and/or agent of the City of Nelsonville, acting within the course and scope of their employment and in furtherance of the interest of and with the consent of the City of Nelsonville.

92. O.R.C. § 2921.45 states "(A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

93. Defendants acted knowingly and intentionally, and their actions were the direct and proximate cause of at least one violation of Plaintiff's Constitutional and statutory rights which caused Plaintiff to suffer actual and financial harm.

94. As a result of the actions of each and every Defendant, Plaintiff was required to retain not one but two attorneys to defend against charges that were ultimately dismissed.

## VII. Prayer for Relief

**Wherefore,** Plaintiff Simms respectfully demands judgment against Defendants and asks the Court for the following relief:

(a) Enter a declaratory judgment on behalf of Plaintiff Simms that Defendants' policies, pattern of practices, customs, lack of supervision, failure to train, acts, and omissions, described herein, constituted violations of the United States Constitution and violations of Ohio state law;

(b) Permanently enjoin and prohibit Defendants from interfering with Plaintiff Simms' constitutional rights. Specifically, to enjoin Defendants from:

   a. Retaliating against Plaintiff Simms, his family, or his friends for bringing this lawsuit; and

   b. Subjecting Plaintiff Simms to civil rights violations in the future.

(c) Compensation for financial losses;

(d) Conscious pain and suffering;

(e) Punitive damages;

(f) Reasonable attorneys' fees and costs in connection with Plaintiff's 42 USC § 1983 and R.C. § 2307.60 counts;

(g) Any and all other and further relief as this Court may deem appropriate.

/s/ *L. Scott Petroff*
L. Scott Petroff (#0099563)
Attorney at Law LLC
Counsel for Plaintiff
8 North Court Street, Suite 307
Athens, Ohio 45701
Tel: (740)593-5591
Fax: (740)206-1617
Scott@ScottPetroffLaw.com

## JURY DEMAND

Plaintiff Simms hereby demands a trial by jury of his peers on all counts of the Complaint.

/s/ *L. Scott Petroff*
L. Scott Petroff (#0099563)