# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DAN LEE SIMMS SR.** | : | |
| | : | **CASE NO. 2:22-CV-2701** |
| **Plaintiff,** | : | |
| | : | **JUDGE SARGUS** |
| VS. | : | |
| | : | **MAGISTRATE JUDGE JOLSON** |
| **CITY OF NELSONVILLE**, *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Now come Defendants, City of Nelsonville, Becky Barber, Harry Barber, Drake Chilcote, Scott Fitch, and Dan Sherman, by and through counsel, and respectfully move this Court for judgment on the pleadings in their favor. Even when viewing the allegations in the Complaint in the light most favorable to Plaintiff, his claims fail as a matter of law. Accordingly, dismissal of these claims with prejudice is warranted. A Memorandum in Support is attached hereto and incorporated by reference herein.

 

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Kent Hushion (0099797)
Mac P. Malone (0102214)
**Reminger Co., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Tel: (614) 228-1311 | Fax: (614) 232-2410
Email: pkasson@reminger.com
       khushion@reminger.com
       mmalone@reminger.com
*Counsel for Defendants*

## **MEMORANDUM IN SUPPORT**

Plaintiff Dan Simms was charged with two violations of the Nelsonville City Code that were subsequently dismissed. In response, he sued a litany of city employees who were completely uninvolved in this judicial process. But all his claims should be dismissed for the following reasons:

- His claim for violation of his speedy trial rights fails because the Defendants are absolutely immune from such claims.

- His claim for First Amendment retaliation fails because none of the Defendants except Becky Barber took an adverse action against him. And Becky Barber, along with all the other Defendants, is absolutely immune from conduct arising out of the judicial process, such as filing criminal charges.

- His unlawful prosecution claim under the Fourth Amendment fails because he did not suffer a deprivation of liberty. He was merely issued summonses. Even if this were a deprivation of liberty, the Defendants would be entitled to qualified immunity.

- His *Monell* claims fail because there are no underlying constitutional violations. Moreover, he failed to plead facts sufficient to show a policy or custom of civil rights violations.

- His conspiracy claim and his claim for civil liability for criminal acts fail because there were no underlying violations. Further, under the intracorporate conspiracy doctrine, all the Defendants are regarded as one entity that cannot conspire with itself.

For these reasons, all Mr. Simms's claims should be dismissed with prejudice.

1

I. **Statement of Facts**[1]

Plaintiff Dan Simms is a long-time resident of Nelsonville, Ohio. (Compl., ECF No. 1, PageID # 5, at ¶ 15). On July 22, 2020, Mr. Simms called 911 to report that his brother was in pain as a result of a medical condition. (*Id.* at ¶¶ 17-18). Nelsonville firefighter Drake Chilcote responded to the call. (*Id.* at ¶ 20). Once on scene, Mr. Simms initially denied Mr. Chilcote entrance to his brother's home. (*Id.* at ¶ 21). He later let Mr. Chilcote in the house after Mr. Chilcote threatened him with arrest. (*Id.*).

On August 12, 2020, Mr. Simms was charged with Misconduct at an Emergency, in violation of Section 9.07.05A(1) of the Nelsonville City Code, due to his initial refusal to allow Mr. Chilcote access to his brother's home. (*Id.* at ¶ 23; 2020CRB01357 Complaint, attached as Exhibit 1[2]). Due to an unrelated incident, he was also charged with a violation of Section 27.05.14 of the Nelsonville City Code, which prohibits the outdoor display, storage, and/or sale of materials. (2020CRB01356 Complaint, attached as Exhibit 2). On October 6, 2020, both cases were transferred from Nelsonville Mayors Court to the Athens County Municipal Court after Mr. Simms demanded a jury trial. (Judgment Entry of Transfer, attached as Exhibit 3). On February 5, 2021, after multiple continuances, both charges were dismissed by the Prosecutor. (2020CRB1357 2/5/21 Journal Entry, attached as Exhibit 4; 2020CRB1356 2/5/21 Journal Entry, attached as Exhibit 5).

On February 22, 2021, the Misconduct at an Emergency charge was re-filed against Mr. Simms. (2021CRB00186 Complaint, attached as Exhibit 6). This time, the charge was brought under the Ohio Revised Code instead of the Nelsonville City Code. (*Id.*). On May 25, 2021, Mr. Simms's attorney filed a Motion to Dismiss for Lack of Speedy Trial. (attached as Exhibit 7).

---

[1] The facts stated herein are taken from Plaintiff's Complaint and are taken as true for purposes of this Motion only.
[2] The Court may consider matters of public record in deciding a motion for judgment on the pleadings. *McLaughlin v. CNX Gas Co., LLC*, 639 F. App'x 296, 298-99 (6th Cir. 2016).

2

His attorney filed a Supplemental Motion to Dismiss for Lack of Speedy Trial on May 31, 2021. (attached as Exhibit 8). The Prosecutor opposed the Motions on June 3, 2021, noting that the time for trial had been tolled multiple times. (Motion Contra Dismissal, attached as Exhibit 9). On June 4, 2021, the Athens County Municipal Court dismissed the charges against Mr. Simms. (2021CRB00186 6/4/21 Journal Entry, attached as Exhibit 10).

On July 7, 2022, Mr. Simms filed the Complaint in this matter against Becky Barber, the Nelsonville Code Enforcement Officer; Harry Barber, the Nelsonville Fire Chief; Drake Chilcote, a former Nelsonville Firefighter; Scott Fitch, the former Nelsonville Police Chief; Dan Sherman, a Nelsonville City Council Member (collectively, the "Individual Defendants"); and the City of Nelsonville. (Compl., ECF No. 1, PageID #1-4). Mr. Simms alleges (1) a violation of his Sixth and Fourteenth Amendment rights to a speedy trial, (2) *Monell* liability against the City of Nelsonville, (3) First Amendment Retaliation, (4) unlawful prosecution under 42 U.S.C. § 1983, (5) Conspiracy to violate rights, and (6) liability under R.C. 2307.60 for violation of R.C. 2921.45. (*Id.* at PageID # 7-17).

**II.    Law and Argument**

**A. Motion for Judgment on the Pleadings Standard**

Fed. R. Civ. P. 12(C) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(C) is the same as that for a motion to dismiss under Rule 12(B)(6). *EEOC v. J.H. Houth Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). Courts should grant a motion for judgment on the pleadings when "all well-pleaded material allegation of the pleadings of the opposing party [are] taken as true, and . . . the moving

party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

### B. Mr. Simms's Claim for Violation of Speedy Trial Rights Against the Individual Defendants Fails Because they had no Personal Involvement, and they are Immune.

Mr. Simms has failed to plead that any of the Individual Defendants had any personal involvement in the alleged violation of his speedy trial rights. Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior. *See Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."); *see also Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants"). The Complaint does not allege that the individuals Plaintiff sued—a code enforcement officer, the fire chief, a firefighter, the police chief, and a member of the City Council had any involvement in the administration of the case in the Athens County Municipal Court. (*See generally* Compl., ECF No. 1). Therefore, Mr. Simms's claim for violation of his speedy trial rights may not proceed against them.

Even if the Prosecutor's actions were to be attributed to the Individual Defendants, they would be entitled to absolute immunity. Courts take a "functional approach" on absolute immunity. *Clinton v. Jones*, 520 U.S. 681, 694 (1997). "The nature of the function performed, not the identity or job title of the actor who performed it" controls. *Id.* at 694-95 (quotations omitted). Thus, having the title of a prosecutor or judge is not necessary to have absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). If the function being performed is

4

"intimately associated with the judicial phase of the criminal process . . . the reasons for absolute immunity apply with full force." *Id.*

The Sixth Circuit and this Court have held that individuals are entitled to absolute immunity against claims for violations of speedy trial rights. *Frost v. Pattison*, 789 F.2d 49, *4 (6th Cir. 1986); *Thomas v. Pugh*, 9 Fed. App'x 370, 372 (6th Cir. 2001); *Nalls v. Montgomery Conty. Prosecutor's Office*, S.D. Ohio No. 3:22-cv-243, 2023 U.S. Dist. LEXIS 12409, *19 (Jan. 24, 2023); *Houston v. Lester*, S.D. Ohio No. 2:15-cv-2447, 2015 U.S. Dist. LEXIS 103849, *7 (Aug. 7, 2015). Therefore, even if the alleged speedy trial violation could be attributed to the Individual Defendants, they would be entitled to immunity. *Imbler*, 424 U.S. at 430. Mr. Simms's Claim for violation of speedy trial rights under § 1983 should therefore be dismissed.

### C. Mr. Simms's First Amendment Retaliation Claim Fails Because Only Becky Barber took an Adverse Action Against him, and the Individual Defendants are all Immune.

Mr. Simms's First Amendment Retaliation Claim Fails for similar reasons. To succeed on a First Amendment retaliation claim, Mr. Simms must show that (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in party by his protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Here, Mr. Simms's First Amendment Retaliation claim fails because the Defendants did not take an adverse action against him, and they are entitled to absolute immunity.

First, the only Defendant who took any sort of adverse action against Mr. Simms is Becky Barber in filing the charge in Mayors Court for Mr. Simms's violation of the Nelsonville City Code. (*See* Ex. 2). Though Mr. Simms seeks to group all the Defendants together, none of the other Defendants engaged in any adverse action against him. (*See generally* Compl.). For this

5

reason alone, the First Amendment claim should be dismissed against all Defendants except Ms. Barber.

Second, as with the alleged violation of speedy trial rights, Ms. Barber and any other Defendant to whom her actions may be attributed are entitled to absolute immunity for filing criminal charges. The Supreme Court has explicitly held that absolute immunity applies to "initiating and pursuing a criminal prosecution." *Imbler*, 424 U.S. at 410. As the First Amendment retaliation claim is based solely on the filing of criminal charges, all the Individual Defendants are immune, and the First Amendment retaliation claim should be dismissed against each of them. *Id*.

### D. Mr. Simms's Unlawful Prosecution Claim Fails Because he did not Suffer a Deprivation of Liberty.

A claim for unlawful prosecution (more commonly referred to as malicious prosecution) requires a plaintiff to show that "(1) the defendant 'made, influenced, or participated in the decision to prosecute'; (2) the government lacked probable cause; (3) the proceeding caused the plaintiff to suffer a deprivation of liberty; and (4) the prosecution ended in the plaintiff's favor." *Lester v. Roberts*, 986 F.3d 599, 606 (6th Cir. 2021) (quoting *Jones v. Clark County*, 959 F.3d 748, 756 (6th Cir. 2020)). Here, Mr. Simms's claim fails because he did not suffer a deprivation of liberty.

Mr. Simms's unlawful prosecution claim has its basis in the Fourth Amendment.[3] *Id.* Thus, the Sixth Circuit has repeatedly held that "requiring attendance at court proceedings does not constitute constitutional deprivation of liberty." *Cummin v. North*, 731 F. App'x 465, 473 (6th Cir. 2018) (citing *Rapp v. Putman*, 644 F. App'x 621, 628 (6th Cir. 2018); *see Noonan v.*

---

[3] In Counts 1-5, Mr. Simms alleges a "violation of 42 U.S.C. § 1983." (*See* Compl., ECF No. 1, PageID #7-16). But § 1983 does not provide substantive rights. Rather, it allows for a cause of action for violations of already established civil rights. The Sixth Circuit has declared that, as a matter of law, a claim for malicious prosecution (or unlawful prosecution, as Mr. Simms refers to it) lies in the Fourth Amendment. *Lester*, 986 F.3d at 606.

6

*Cty. of Oakland*, 683 F. App'x 455, 463 (6th Cir. 2017)). In *Cummin*, the Sixth Circuit dismissed the plaintiff's malicious prosecution claim brought under § 1983 because the plaintiff "was not arrested, incarcerated, required to post bail or pay any bond, and was never subject to any travel restrictions[.]" *Id.* The same is true here. Mr. Simms alleges he was required to appear in court, but his liberty was never deprived. (*See generally* Compl.). Therefore, his unlawful prosecution claim should be dismissed. *Cummin*, 731 F. App'x at 473; *Rapp*, 644 F. App'x at 628; *Noonan*, 683 F. App'x at 463.

### E. Mr. Simms's Unlawful Prosecution Claim Fails Because the Individual Defendants are Entitled to Qualified Immunity.

In the unlikely event this Court holds that the law is unsettled as to whether the "continuing seizure" doctrine is applicable in the Sixth Circuit, the Individual Defendants would be entitled to qualified immunity. Government officials may be held liable in damages only for conduct which (1) violated a plaintiff's statutory or constitutional rights and (2) was clearly established as a violation of law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Mr. Simms bears the burden to show that the Individual Defendants are not entitled to qualified immunity. *Al-Lamadani v. Lang*, 624 F. App'x 405, 409 (6th Cir. 2015). He must first show that the Individual Defendants violated his rights. *Harlow*, 457 U.S. at 818. The second prong of the analysis requires him to point to existing precedent that clearly establishes that the particular conduct of the Individual Defendants has previously been held to be violative of one's rights. *Id.*

The "continuing seizure" doctrine owes its existence to Justice Ginsburg's concurrence in *Albright v. Oliver*, 510 U.S. 266, 276 (1994). There, Justice Ginsburg insisted that a seizure does not end when a criminal defendant is released from police custody and instead continues so long as he is bound to appear in court. *Id.* at 278-79. She even went so far as to suggest that an individual is "seized" when he receives a summons to appear in court. *Id.* at 279. But neither the

7

Supreme Court nor the Sixth Circuit have adopted this doctrine. *See Cummin*, 731 F. App'x at 471. Therefore, as it stands, the "continuing seizure" doctrine is not applicable in the Sixth Circuit. *Id.* Even if it were to be adopted for the first time in this case, the Individual Defendants' conduct certainly would not have been clearly established as a violation of law due to the complete lack of existing precedent applying this doctrine. *Id.* ("[E]ven if the conditions of Cummin's release could constitute a seizure under this doctrine, Defendants 'would still be entitled to qualified immunity because the particularized right alleged—the right to be free from a "continuing seizure" by virtue of a pending criminal charge—is not clearly established.'") (quoting *Rapp*, 644 F. App'x at 628). Accordingly, the Individual Defendants would be entitled to qualified immunity. *Harlow*, 457 U.S. at 818.

## F. Mr. Simms's *Monell* Claims Fail Because There are No Underlying Violations and he has Failed to Sufficiently Plead a Claim for Municipal Liability.

Under a *Monell* theory, a municipality may be held liable under § 1983 only if a plaintiff proves: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Here, Mr. Simms's *Monell* claims based on the alleged underlying violation of speedy trial rights and malicious prosecution both fail.[4]

### i. *Mr. Simms's Monell Claims Based on the Alleged Violation of his Speedy Trial Rights Fails.*

Without an underlying constitutional violation, a *Monell* claim fails. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95

---

[4] Mr. Simms does not allege *Monell* liability based on First Amendment retaliation.

(1978)). Here, because none of the Individual Defendants had any personal involvement in the alleged speedy trial violation, as discussed above, the City of Nelsonville may not be held liable either. *Id.*

Even if there were an underlying constitutional violation, Mr. Simms's *Monell* claim based on the alleged violation of a speedy trial right fails because he has done nothing more than reiterate a required element of a *Monell* violation in his Complaint. (Compl., ECF No. 1, PageID # 10-11). Mr. Simms merely alleges: "On information and belief, Defendant City of Nelsonville maintains a 'custom' of failing to transfer criminal cases in violation of Defendant's [sic] civil rights[.]" *Id.* at PageID # 11, ¶ 59. Yet Mr. Simms provides no facts whatsoever on which to support his allegation that Nelsonville maintains such a custom. (*See generally Id.*). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Sixth Circuit recently evaluated a similar complaint and held that the plaintiff failed to state a claim for relief based on *Monell* liability. *Boddy v. City of Memphis*, 6th Cir. No. 22-5259, 2022 U.S. App. LEXIS 29421, *9 (Oct. 21, 2022). There, the plaintiff's complaint was "filled with conclusory assertions that the City does not train or supervise its police officers and sanctions a wide variety of police practices[.]" *Id.* at *8. The complaint was "bereft, however, of any factual allegations that could plausibly support these sweeping assertions." *Id.* Accordingly, the court held that the plaintiff failed to state a claim based on a *Monell* theory. *Id.* at *9; see Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016) (holding that the plaintiff failed to state a claim for *Monell* liability where "[b]eyond the blanket assertions that the City 'condoned' or tolerated' police officer misconduct, she points to no facts that would indicate the existence of

9

such an official policy or custom."); *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 698 (6th Cir. 2018).

Mr. Simms does not just fail to provide a single fact supporting the conclusory allegation that Nelsonville has a custom of violating individuals' speedy trial rights. He refutes his own conclusory allegation by stating that the Nelsonville Prosecutor was fired as a direct result of the alleged speedy trial violation. *Id.* at PageID # 10, ¶ 51. Taken to be true, this only goes to show that Nelsonville directly opposes, rather than tolerates, any violation of individuals' speedy trial rights.

Absent any facts to suggest Nelsonville had "a custom of tolerance or acquiescence of federal rights violations," or satisfied any of the other bases for a *Monell* claim, which Mr. Simms does not allege, his *Monell* claim based on the alleged violation of his speedy trial rights fails. *Burgess*, 735 F.3d at 478; *Boddy*, 2022 U.S. App. LEXIS, at *9; *Bickerstaff*, 830 F.3d at 402; *Brent*, 901 F.3d at 698.

### ii. Mr. Simms's Monell Claims Based on the Alleged Violation of Malicious Prosecution Fails.

To the extent Mr. Simms's *Monell* claim is based on malicious prosecution, it similarly fails. As discussed above, Mr. Simms's underlying claim for malicious prosecution fails because he did not suffer a deprivation of liberty.

And as further noted above, a plaintiff fails to state a claim where he baldly recites the elements of a *Monell* claim. *Bickerstaff*, 830 F.3d at 402. But with regard to *Monell* claim for malicious prosecution, Mr. Simms does not even do that. (Compl., ECF No. 1, PageID # 10-11). Mr. Simms only alleges Nelsonville "had actual knowledge, and/or had constructive knowledge, that there was no probable cause to pursue [charges based on the July or August incidents.]" (*Id.* at ¶¶ 57-58). He does not allege for either "incident" that, related to malicious prosecution, (1)

10

Nelsonville had an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) Nelsonville had a policy of inadequate training or supervision; or (4) Nelsonville had a custom of tolerance or acquiescence of federal rights violations. *See Burgess*, 735 F.3d at 478. His conclusory assertion that Nelsonville has a custom of violating individuals' rights refers only to the alleged speedy trial violation. (Compl., ECF No. 1, PageID # 11, ¶ 59). Because there are no facts—or even conclusory allegations—in the Complaint to support a *Monell* claim based upon malicious prosecution, Mr. Simms's *Monell* claim should be dismissed. *Burgess*, 735 F.3d at 478; *Boddy*, 2022 U.S. App. LEXIS, at *9; *Bickerstaff*, 830 F.3d at 402; *Brent*, 901 F.3d at 698.

### G. Mr. Simms's Conspiracy Claim Fails Because there is no Underlying Violation, and the Defendants are Legally Regarded as a Single Entity.

Because Mr. Simms's underlying claims all fail, so too does his conspiracy claim. *May v. McGrath*, S.D. Ohio No. 2:11-cv-0839, 2013 U.S. Dist. LEXIS 49611, *33 (Apr. 5, 2013) ("[T]o prevail on a § 1983 civil conspiracy claim, the plaintiff must show an underlying constitutional violation.") (citing *Umani v. Mich. Dep't of Corr.*, 432 Fed. App'x 453, 462 (6th Cir. 2011).

Even if he had viable underlying claims, Mr. Simms's conspiracy claim still fails. The intracorporate conspiracy doctrine bars conspiracy claims under § 1983 "where two or more employees of the same entity are alleged to have been acting within the scope of their employment when they allegedly conspired together to deprive the plaintiff of his rights." *Jackson v. City of Cleveland*, 925 F.3d 793, 818 (6th Cir. 2019). Here, all the Individual Defendants were Nelsonville City employees at the time of the alleged violations. (Compl., ECF No. 1, PageID # 3-4). And there is no allegation they acted outside the scope of their employment. (*See generally id.*). Thus, for purposes of a conspiracy claim, the Individual

11

Defendants are considered to be a single entity that cannot conspire with itself. *Jackson*, 925 F.3d at 818-19.

Because there was no underlying constitutional violation and because the intracorporate conspiracy doctrine bars Mr. Simms's claims, his conspiracy claim should be dismissed.

### H. Mr. Simms's Claim of Civil Liability for Violation of R.C. 2921.45 Fails Because the Defendants did not Interfere with his Civil Rights.

R.C. 2307.60(A)(1) permits an individual injured by a criminal act to bring a civil action to recover damages for such injury. Mr. Simms alleges the Defendants violated R.C. 2921.45, which states: "No public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right." As fully discussed above, the Defendants did not violate any of Mr. Simms's rights. Therefore, his claim under R.C. 2307.60 should be dismissed.

## III. Conclusion

Defendants City of Nelsonville, Becky Barber, Harry Barber, Drake Chilcote, Scott Fitch, and Dan Sherman respectfully request that this Court dismiss all Plaintiff Dan Simms's claims against them. All claims fail as a matter of law.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Kent Hushion (0099797)
Mac P. Malone (0102214)
**Reminger Co., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Tel: (614) 228-1311 | Fax: (614) 232-2410
Email: pkasson@reminger.com
khushion@reminger.com
mmalone@reminger.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify a true and accurate copy of the foregoing document was served via the Court's CM/ECF filing system this 22nd day of February 2023 to all counsel of record.

                                    */s/ Patrick Kasson*
                                    Patrick Kasson (0055570)
                                    Kent Hushion (0099797)
                                    Mac P. Malone (0102214)